### JOHN RILEY V. WILLIAM McNAMARA.

#### No. 2908.

1. **Specific Performance—Fact Case.**—May 20, 1878, contract for sale of land. Purchaser paid one-third cash, balance secured by two notes bearing interest from date, one due in one and the other in two years thereafter. Vendor was to make deed upon payment of the purchase money notes. The notes never were paid, nor was payment ever demanded. The vendor took no steps to rescind the sale. December 27, 1889, the purchaser tendered the amount of his two notes, principal and interest, and demanded a deed. This was refused. The purchaser brought suit January 3, 1890, for specific performance, bringing into court the amount he had tendered. *Held*, the right of action was not barred or lost by laches, and that a decree for specific performance was rightly entered.

2. **Limitation in Action for Specific Performance.**—The statute provides that actions for specific performance of contracts to convey real estate shall be barred in ten years. The defense of stale demand superseded by the statute was the same term. The maturity of the debt due of the purchase money notes, in absence of action taken by the vendor, would determine the time from which the statute would run. Other periods of limitation have no application to such cases.

APPEAL from De Witt. Tried below before Hon. H. CLAY PLEASANTS.

The opinion states the case.

*Crain, Kleberg & Grimes* and *Hume & Kleberg*, for appellant.—Where a party who applies for a specific performance has omitted to execute his part of the contract by the time appointed for that purpose, without being able to assign any sufficient justification or excuse for his delay, and where there is nothing in the acts or conduct of the other party that amounts to an acquiescence in the delay, the court will not

compel a specific performance. Hemming v. Zimmerschitte, 4 Texas, 166; De Cordova v. Smith, 9 Texas, 129; Estes v. Browning, 11 Texas, 247; Scarborough v. Arrant, 25 Texas, 129; Yeary v. Cummins, 28 Texas, 92; Smith v. Hampton, 13 Texas, 463; Kennedy v. Embry, 72 Texas, 390; Kruegel v. Berry, 75 Texas, 230; 31 Am. Dec., 274; 63 Am. Dec., 477; Hatch v. Cobb, 4 Johns. Ch., 559; 2 Story's Eq. Jur., arts. 750, 769, 771; Taylor v. Langworth, 14 Pet., 174; Pome. Eq., p. 455.

*Lane & Mayfield,* for appellee.—Under article 3209 of our Revised Civil Statutes, if the suit for specific performance of a contract for the conveyance of real estate be commenced within ten years from the accrual of the cause of action, there is no requirement that the pleader should account for his delay in instituting suit; and when the obligee in the bond for conveyance of realty offers or tenders performance of his part of the contract within the ten years, his right to specific performance of the contract is perfect; and especially is this so when the obligor in said contract has never at any time offered to perform his part of the contract, and has never before at any time requested or demanded performance on part of the obligee. Rev. Stats., art. 3209; Taylor v. Campbell, 59 Texas, 317; Lewis v. Cole, 60 Texas, 341; Alexander v. Kennedy, 19 Texas, 488; Portis v. Hill, 3 Texas, 279; Moody v. Butler, 63 Texas, 213; Teal v. Terrell, 58 Texas, 262; Bailey v. Trammell, 27 Texas, 317; Hemming v. Zimmerschitte, 4 Texas, 163; McKin v. Williams, 48 Texas, 92; Williams v. Talbot, 16 Texas, 3; Rucker v. Dailey, 66 Texas, 286; Walker v. Emerson, 20 Texas, 711; Primm v. Barton, 18 Texas, 222; Scarborough v. Arrant, 25 Texas, 134–137; Gregg v. English, 38 Texas, 144; Browning v. Estes, 3 Texas, 477; Von Roeder v. Robson, 20 Texas, 754.

STAYTON, CHIEF JUSTICE.—This suit was brought on January 3, 1890, by appellee, to enforce specific performance of a contract executed on May 20, 1878, by appellant, whereby he bound himself to convey to appellee the land in controversy upon the payment of two notes executed at the same time. One of these notes became due in twelve months after its execution and the other in two years, and the written contract to convey recited, that as an additional consideration for the land, appellee paid, at the time the bond for title was executed, one-third of the purchase money in cash. The sum due on the two notes not having been paid, appellee, on December 27, 1889, tendered to appellant all sums due thereon, inclusive of interest to that date, and demanded a deed, but appellant refused to receive the money or to make the conveyance, whereupon this suit was brought, and the money necessary to pay the principal and interest on the notes until time of tender, was offered in court.

It appears that on the same day the title bond in question was executed, that T. M. Harwood, who was then the owner of the land, executed to appellant a bond to make title to him to the entire tracts of land of which that in controversy is an undivided one-half, in consideration of a cash payment then made and of other payments to be made in one and two years from that date. The cash payment thus made, as well as each of the notes executed by appellant to Harwood, were for just double the sum paid and to be paid by appellee to appellant, and appellee's evidence all tends to show that there was originally between them an agreement for the joint acquisition of the land.

On December 2, 1881, Harwood conveyed the land to appellant, and there is no evidence showing that appellant did any act showing an intention to refuse to carry out the contract on the ground that appellee did not pay the notes when they became due, and his defense was a claim that he never did execute the bond for title; but upon this issue the jury found against him on evidence amply sufficient to sustain the finding. Appellant also pleaded stale claim and the statutes of limitation of three, five, and ten years. The court sustained a demurrer to the plea asserting laches and seeking to set up the enhanced value of the land and other like matters in bar of the suit, and on the trial refused to hear any evidence under the pleas of limitation other than such as had bearing on the statutory bar for specific performance.

Appellant neither pleaded nor attempted to prove a demand for the purchase money, nor did he allege that the contract had been in any manner rescinded, and under this state of facts there was no error in the rulings of the court referred to.

If appellant desired to rescind the contract on account of the failure of appellee promptly to pay the purchase money when it became due, he should have taken steps looking to that end, and not having done so, he could not by lapse of time short of that prescribed by the statute as a bar to such actions defeat appellee's right to have the contract specifically performed. The statute provides that actions for specific performance of contracts to convey real estate shall be barred in ten years (Rev. Stats., art. 3209), and the defense of stale claim is no longer applicable to such contracts as come within the meaning of the statute; but were this otherwise, such a plea could not be sustained under the facts of this case, for under the former rules the claim would not be stale short of the period now fixed for the statutory bar. If the period when the last maturing of the notes executed by appellee became due or the date when Harwood conveyed to appellant be considered the date from which limitation would run, then in either case ten years had not elapsed after the cause of action accrued before this suit was commenced. It is too clear, in view of the relation of the parties created by the contract, that limitation based on three and five years had no application to the case.

It seems to be contended that the statutory bar to actions for specific performance of contracts to convey real estate has no application to cases in which the land was not paid for strictly in compliance with the contract, but there is nothing in the statute which would justify such a construction. A vendor may compel the payment of the purchase money whenever it becomes due, or otherwise have the contract rescinded upon equitable terms; but he can not make his failure to do either of these things, or the failure of the vendee to pay at maturity, a ground for taking the case out of the statute or for making any other statute applicable to the case. That the purchase money was tendered was a fact conceded, and the court did not err, as the tender was continued, in ruling that interest did not run after tender was made.

The case was tried as upon an ordinary contract to convey land, and it is unnecessary to consider what would be the rights of the parties if the land was acquired by appellant under an agreement between him and appellee for the joint acquisition of the land.

We find no error, and the judgment will be affirmed.

*Affirmed.*

Delivered January 15, 1892.

A motion for rehearing was refused.