### TROXEL v. THOMAS ET AL.

[No. 18,938. Filed November 27, 1900.]

PARTIES.—*Cancelation of Instruments.*—A and B executed a note and secured same by a mortgage on a tile mill owned by them jointly. A purchased the interest of B in the mill and assumed and agreed to pay the note, but became insolvent and sold the mill to C and D, and, as a part consideration, took the note of the purchasers, payable when the note and mortagage on the mill were paid and satisfied.  C sold his interest in the mill to D, who assumed all liability as to the last mentioned note.  The mortgagee foreclosed the mortgage, and D, in order to protect his title in the mortgaged property, purchased the judgment.  *Held*, that B and D had such a common interest as entitled them to join as plaintiffs in an action to cancel the note held by A and have the amount thereof applied upon the judgment. *pp. 520-523.*

HARMLESS ERROR.—*Pleading.*—Available error cannot be predicated on the action of the court in sustaining a demurrer to an answer where the facts averred in the answer were admissible in evidence under the general denial. *pp. 523, 524.*

APPEAL AND ERROR.—*Assignment of Error.*—Where defendants demurred separately to a cross-complaint, and the record shows that the court sustained "the demurrer" to the cross-complaint, available error cannot be predicated on such ruling if the cross-complaint was insufficient as to some of the demurrants. *pp. 524, 525.*

SAME.— *Record.— Judgments.— Trial.— Submission.*— The following entry appeared in the record on appeal: "Come the parties, by their attorneys, and on plaintiff's motion the court heard further testimony in this cause, to which the defendant excepts. The court, having heard the further testimony, and being advised in the premises, finds for the plaintiffs." *Held*, that it was sufficiently disclosed that there was a submission, trial and finding. *p. 525.*

From the Clinton Circuit Court.   *Affirmed.*

*O. E. Brumbaugh* and *Joseph Combs,* for appellant.
*T. H. Palmer* and *W. F. Palmer,* for appellees.

JORDAN, J.—The relief sought to be obtained by appellees under the facts alleged in their complaint was the cancelation of a certain promissory note and an application of the amount of money which it represented to the payment of a certain judgment. A demurrer to the complaint for insufficiency of facts was overruled. The assignment of errors is based (1) upon the ruling of the lower court on a demurrer to the complaint; (2) sustaining the joint demurrer of appellees to the second paragraph of answer; (3) sustaining the separate demurrers of appellees to appellant's cross-complaint; (4) denying appellant's motion to set aside the judgment, and in overruling his motion for a new trial. An epitome of the facts set out in the complaint is as follows: On May 12, 1891, appellant, Troxel, and appellee Miller were owners of a certain tile and brick mill including all fixtures and appliances thereto belonging. On that date said Troxel and Miller executed their promissory note for $400 to one Freeze, and, to secure this note, they executed to him a chattel mortgage upon the above tile and brick mill, which mortgage was duly recorded within ten days from the date of its execution in the recorder's office in Clinton county, Indiana, in which county the mortgaged property was situate, and wherein the mortgagors resided. Subsequently Miller sold and transferred all of his interest in said property to Troxel, and, as a part of the consideration for such sale and transfer, Troxel assumed and agreed to pay the note secured by the mortgage. Thereafter, on March 27, 1893, Troxel sold and transferred said property with the mortgage lien thereon to William C. Caldwell and James W. Thomas, the latter being an appellee in this case. As a part of the consideration of this latter sale, said

Troxel v. Thomas.

vendees executed their promissory note to Troxel for $400, which they promised to pay with interest at seven per cent. when the above chattel mortgage was satisfied and released, and, in the event it was satisfied before September 1, 1893, said note was to be due and payable on the last mentioned date. Thereafter, in 1894, Thomas purchased Caldwell's interest in the brick mill, and as a part of the consideration he assumed all liability in respect to the payment of the said last mentioned $400 note. Troxel failed to pay the note secured by the chattel mortgage, and Freeze, the holder thereof, instituted an action in the Clinton Circuit Court against Troxel and Miller, and on February 13, 1895, recovered a judgment against both for $560 on the note secured by said mortgage, and obtained a foreclosure of the mortgage in payment of said judgment. The appellee Thomas, in order to protect his title in the mortgaged property, was compelled to and did purchase this judgment from Freeze and secured from him an assignment thereof. This judgment, amounting to $560, remained unpaid at the time of the commencement of this action, and Troxel as is shown is wholly insolvent. It is insisted by counsel for appellant that Miller and Thomas, plaintiffs below and appellees here, are, under the state of facts alleged in the complaint, shown to have separate causes of action against appellant, and therefore can not unite as plaintiffs in this suit, and for this reason alone it is contended that the demurrer to the complaint should have been sustained. It is the settled rule in this State that under our civil code all persons who unite as plaintiffs must have an interest in the subject of the action. But this rule is not to be interpreted so as to require that the interest of all the plaintiffs who do unite must be equal, or that such interest may not be legally severable. All, however, must have some common interest in respect to the subject-matter of the action, and each must be interested, at least to the extent that all who join as plaintiffs have some relief in respect to the subject-matter of such suit. Under

these circumstances, such a unity of interests will be created in regard to the subject-matter of the particular action as will authorize parties so related in interest to join as plaintiffs. *Home Ins. Co.* v. *Gilman,* 112 Ind. 7, and cases there cited; *McIntosh* v. *Zaring,* 150 Ind. 301. Under the facts as heretofore set out, when tested by this rule, it is evident that appellees Miller and Thomas have such a unity of interests in this suit as will permit them to join as plaintiffs in this prosecution. It is disclosed that the $400 note, executed to appellant by Thomas and Caldwell, by its terms could not become due and payable until the mortgage lien, which encumbered the property sold by appellant to them, had been satisfied and released. In fact it may be said to appear that the amount of money evidenced by this latter note represented the amount of the purchase money which Thomas and Caldwell retained and intended to hold until appellant had complied with his agreement with Miller, and satisfied the mortgage indebtedness. This obligation he failed to discharge, and, by reason of his insolvency, it would seem that he was not financially in position to comply with his said agreement. After the sale of the property by Troxel to Thomas and Caldwell, and after Thomas had become the sole owner thereof by his purchase of Caldwell's interest therein, and had assumed the payment of the $400 note held by appellant, and judgment upon the mortgage indebtedness was recovered against Miller and appellant, the mortgaged property then owned by Thomas was decreed by the court to be sold in satisfaction of such judgment. It is further disclosed that Thomas, in order to prevent the enforcement of this decree and thereby protect his title to the property in question, was compelled to purchase the judgment recovered by Freeze against Miller and appellant on the mortgage indebtedness. Under these circumstances, it is evident that both Miller and Thomas were interested in having the amount of money evidenced by the $400 note, executed by Caldwell and Thomas to Troxel, applied upon

the judgment rendered in the foreclosure proceedings. Thomas was interested in having the amount of the $400 note, the whole of which he had assumed and agreed to pay, applied in satisfaction of the judgment which he held against Miller and Troxel under the assignment from Freeze. Such credit being given upon a judgment, he was further interested in obtaining from Troxel a surrender of said note for the purpose of cancelation. Miller was also certainly interested in having the note so applied upon the judgment, and thereby being relieved from the liability of paying said judgment, as he would have been compelled to do on the failure of Troxel to pay it as he had obligated himself to do. There was no error in overruling the demurrer to the complaint upon the ground that the plaintiff had no interest in common in the prosecution. *McIntosh* v. *Zaring,* 150 Ind. 301; Bliss on Code Pl. §§73, 74.

Appellant answered the complaint in two paragraphs, the first being the general denial. By the second paragraph he admitted that he sold to Caldwell and Thomas a certain tile factory situate on certain described real estate in Clinton county, Indiana, for the price of $1,100, $400 of which was to be due and payable when the chattel mortgage, executed by him and Miller to Freeze, was released. He further admitted the foreclosure of said mortgage, as alleged in the complaint, but averred that the property encumbered by the mortgage did not include the tile and brick mill which he sold to Caldwell and Thomas; that no part of the property sold by him to these parties was included in or encumbered by the mortgage to Freeze, except a certain boiler and engine, each of which was old and much worn, and, at the time of the foreclosure of the chattel mortgage in question, were in the aggregate only of the value of $25 and no more. As to this amount the answer alleged that the defendant was, at the time of the foreclosure of the said chattel mortgage and ever since has been, ready and willing to give plaintiff, Thomas, a credit upon the $400 note, to the amount of the

value of said engine and boiler. The answer concludes, that, by reason of these facts, the plaintiff was not entitled to have said note canceled, and judgment is demanded in favor of the defendant. It is contended by appellant that the court erred in sustaining a demurrer to this second paragraph of the answer. The main purpose or object of this action is to secure the application of the amount of money evidenced by the $400 note, held by appellant, as a credit upon the mortgage indebtedness upon which a judgment in the foreclosure proceedings had been rendered. The cancelation of such note would follow as a matter of course as the effect of such application and credit. If appellant was entitled to avail himself of the facts alleged in the second paragraph of his answer as a defense in whole or in part to the application of the amount of the note in controversy in discharge of the mortgage indebtedness, such facts as therein averred, so far as they were pertinent, would have been admissible in evidence under the general denial pleaded in the first paragraph of the answer, hence, the error of the court, if any, in sustaining the demurrer to the second paragraph of the answer was harmless. *Jeffersonville, etc., Co.* v. *Riter,* 146 Ind. 521.

The record discloses that appellant filed what is denominated an amended cross-complaint whereby he demanded affirmative relief against appellees James W. Thomas, Oscar Miller, William C. Caldwell, and Levi Thomas, all of whom were made defendants to the cross-complaint. Each appeared and demurred separately to the cross-complaint. After the filing of these several demurrers, the following entry appears in the record: "Come now the parties by their attorneys, and the court being advised in the premises sustains the demurrer to the amended cross-complaint, to which the defendant, Daniel J. Troxel, excepts." Appellant in some four separate assignments predicates error upon the ruling of the court on the separate demurrer of each of the defendants to the cross-complaint. It is evi-

dent that the record as embraced in the entry above set out, can not be accepted as supporting these assignments of error. An examination of the amended cross-complaint reveals the fact that it is at least insufficient as to some of the demurrants, if not as to all. The record, however, only discloses that *"the demurrer"* was sustained to the amended cross-complaint. (Our italics.) In this condition of the record it is clear that there is an entire absence of anything to show which one of the four separate demurrers to the amended cross-complaint was sustained. The solution of this question is left wholly to surmise. As we heretofore said, the cross-complaint is not sufficient as to all, hence we must, under the circumstances, presume that the particular demurrer sustained was that of one of the demurrants against whom the cross-complaint did not state facts sufficient to constitute a cause of action. Therefore no question is presented for our consideration under the assignment of error in respect to the rulings of the court upon the demurrers to the cross-complaint.

It is next and lastly insisted that the court erred in denying appellant's motion to set aside the judgment of the lower court upon the ground that the record does not show that there was a submission and trial of the cause. The following entry, however, appears in the record: "Come the parties by their attorneys, and, on plaintiff's motion, the court heard further testimony in this cause, to which the defendant excepts. The court having heard the further testimony and being advised in the premises finds for the plaintiffs." This we think is sufficient to disclose that there was a submission of the cause and a trial and finding by the court.

There is no available error, and the judgment is therefore affirmed.