CUBIT v. JACKSON et al.    (No. 7291.)

(Court of Civil Appeals of Texas. Galveston. March 21, 1917. On Motion for Rehearing, April 17, 1917.)

1. LIMITATION OF ACTIONS ⟲⟹39(2)—SPECIFIC PERFORMANCE ⟲⟹105(2)—TEN AND FOUR YEAR STATUTES.

A suit seeking specific performance of an alleged contract and the right to recover thereunder a one-half interest in a tract of land is one for specific performance of a contract for conveyance of real estate, which, under direct provisions of Vernon's Sayles' Ann. Civ. St. 1914, art. 5692, is not barred till 10 years after accrual, making four-year statute inapplicable.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 515; Specific Performance, Cent. Dig. § 326.]

On Motion for Rehearing.

2. APPEAL AND ERROR ⟲⟹173(10)—PLEADING DEFENSES IN LOWER COURT—NECESSITY.

Where four-year statute of limitation was not pleaded as a defense in trial court, it is not available on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1104–1107; Limitation of Actions, Cent. Dig. § 736.]

3. SPECIFIC PERFORMANCE ⟲⟹86—CONTRACTS ENFORCEABLE—CONTRACT TO LEAVE PROPERTY AT DEATH.

A contract with mother that, in consideration of her surrendering custody and service of her minor child, the other will educate minor and leave him all property possessed at death, is valid, and may be specifically enforced by minor where no statute is contravened.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 223, 224.]

Appeal from District Court, Austin County; Frank S. Roberts, Judge.

---

Suit by Rufus Cubit against George Jackson and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

C. G. Krueger, J. E. Edmondson, and Duncan & Duncan, all of Bellville, for appellant. Johnson, Matthaei & Thompson, of Bellville, and Hannay & Hannay, of Hempstead, for appellee.

LANE, J. This suit was brought by plaintiff, Rufus Cubit, against defendants, George Jackson, Emma Byars and husband, Ed. Byars, Georgia Whitmire and husband, Rufus Whitmire, Mary Jane Abbs and husband, Jesse Abbs, and others whom it is unnecessary to name as they are not concerned in this appeal, to enforce specific performance of an alleged contract under which he claims the right of title to a one-half undivided interest in a tract of land in Austin county, Tex., containing 155 acres.

Plaintiff, among other things, alleges that when he was an infant, and on or about the 28th day of November, 1887, one John Cubit made and entered into a contract and agreement with the mother of plaintiff, Annie Davis, and his stepfather, Riley Davis that if the said Annie and Riley Davis would surrender and turn over to him, the said John Cubit, the care, custody, and control of plaintiff, that he, John Cubit, would take plaintiff, provide for, and educate him as his son, and give him the rights of a son and heir, and would leave to the plaintiff all the property of which he (John Cubit) might die possessed; that the said Annie and Riley Davis did, in pursuance thereof, turn over plaintiff to the said John Cubit under the terms of said contract and agreement; that the said John Cubit took charge of plaintiff under said contract, gave him the name of Rufus Cubit, and thereafter treated him as his son and kept him until his death on the 30th day of March, 1904, at which time plaintiff was 17 years of age; that at the time of his death the said John Cubit and his wife, Henrietta Cubit, who survived him, were the owners in community of the 155 acres of land in controversy in this suit; that he left no children or grandchildren surviving him; that by reason of the things above alleged plaintiff is entitled to specific performance of said contract and agreement, and the right to recover thereunder a one-half undivided interest in said tract of land.

Defendants answered by general denial, and specially pleaded the statute of limitations of three, four and five years in bar of plaintiff's right to recover. The defendants George Jackson, Emma Byars and husband, Ed. Byars, and Georgia Whitmire and husband, Rufus Whitmire, further specially pleaded that they are the owners of the whole of the 155 acres of land by virtue of and under the will of Henrietta Cubit, deceased, which had been duly probated on the 9th day of December, 1907; that at the time of the death of Henrietta Cubit she was the owner of the whole of said land, as it was the community property of her and her husband, Rufus Cubit, who died intestate prior to her death, and without children; that by the will of Henrietta Cubit the land in question was devised to Mattie Jackson, the deceased wife of George Jackson and the mother of the defendants Emma Byars and Georgia Whitmire, and that they are now the owners of said land, except 38¾ acres of same sold by them to Jesse Abbs and wife, Mary Abbs. They also further pleaded that:

"On or about the —— day of ——, Mattie Jackson and defendant George Jackson entered into a written contract with Henrietta Cubit, and under and by the terms of which said Mattie Jackson and George Jackson agreed to take care of said Henrietta Cubit during the remainder of her life, and in consideration thereof the said Henrietta Cubit promised and agreed to give to the said Mattie Jackson and George Jackson a one half interest in her 155 acres of land, home place, and all other property, and the other half of said property was also to be given to said Mattie Jackson upon the payment of all the indebtedness against said estate, consisting of the note payable to the order of Miss Annie Matthews and the payment of the funeral expenses and other debts. And defendants further say that, pursuant to this contract, said George Jackson and Mattie Jackson proceeded to and did take care of said Henrietta Cubit during the remainder of her natural life and made provisions for the payment of all the debts of said Henrietta Cubit's estate."

Defendants Jesse and Mary Abbs pleaded their title to the 38¾ acres of said land purchased from George Jackson and others, and also pleaded the statutes of limitation of three, four, and five years.

The case was tried before a jury. The only issue submitted to the jury by the court was as follows:

"At the time Annie Davis gave her infant child, Rufus Cubit, to John Cubit for support, maintenance, and education, did John Cubit, in addition thereto or in consideration therefor, agree with Annie Davis to give all his property, at his death, to said Rufus Cubit? You will answer this question, 'Yes,' or, 'No.'" To which the jury answered: "Yes."

Upon the answer of the jury plaintiff asked for a judgment for one-half undivided interest in said land. The defendants also asked for judgment in their favor. Whereupon the court refused to enter judgment for plaintiff and rendered judgment for defendants Jesse and Mary Abbs for the 38¾ acres of said land claimed by them, and for the defendants George Jackson, Emma Byars, and Georgia Whitmire for the remainder of said land.

In support of the judgment rendered, the court filed his findings of fact and conclusions of law, in which is to be found the following:

"This cause was tried before a jury and one question of fact submitted, whether the verbal contract was made and entered into by and between Annie Davis and John Cubit as alleged in plaintiff's petition, the jury answered said question in the affirmative.

"I therefore find as a fact that on the 28th day of November, 1887, Annie Davis entered into a verbal contract with John Cubit of Austin county, Tex., by which she agreed to give unto said John Cubit her illegitimate Jew baby, Rufus, an infant about four months old, and to relinquish all parental care, custody and control of said son, and to give same to said John Cubit, and in consideration therefor the said John Cubit agreed to take, raise, and educate said child, the plaintiff here, as his own son, and to give unto him, the said plaintiff, at the death of him, the said John Cubit, all the property the said John Cubit should die seised and possessed of. * * *

"I find that John Cubit and Henrietta Cubit lived together as husband and wife prior to making of this contract until 30th day of March, 1904, when John Cubit died intestate and without issue, and at the time of the making of said contract owned as the community homestead the realty described in plaintiff's petition and being the same owned by them at the time of John Cubit's death in 1904; that said Rufus lived with John Cubit as his son from date of contract until John Cubit died, and continued to live in the neighborhood until this suit was filed.

"I find that, after the death of John Cubit, his wife, Henrietta Cubit, being old and infirm and feeble in health, induced a niece of Henrietta Cubit, Mattie Jackson, together with her husband, George Jackson, to remove from North Texas to Austin county to take care of her during her old age, and, accordingly, they moved to her home and on the land in controversy, and did take care of her until she died.

"I find that Henrietta Cubit, after the death of John Cubit, used and occupied said land as her homestead, and before her death made a will wherein she correctly recited that said lands were the community property of herself and her deceased husband, and individually and as such survivor bequeathed all the land in controversy to Mattie Jackson.

"In 1907, Henrietta Jackson died, and her said will was duly probated in the probate court of Austin county, Tex., on the 9th day of December, 1907, and from the foregoing dates Mattie Jackson and George Jackson, her husband, continued in possession of said lands, paying taxes thereon and using same as a homestead.

"I find: That after probate of will Mattie Jackson, joined by her husband, George Jackson, by deed duly registered, conveyed 38¾ acres of said tract of land to Jane Abbs and husband, Jesse Abbs. That Mattie Jackson died intestate on or about the ―――― day of ――――, 1913, and was survived by her husband, George Jackson, and two daughters, Georgia Whitmire and Emma Byars, and I find that George Jackson and his daughter Georgia Whitmire are in possession of the remainder of said land herein sued for. That plaintiff filed his suit in 1914 and within ten years after the death of John Cubit, and I further find that said suit was not brought without four years after the death of Henrietta Cubit or within four years after the probate of her will, and that more·than five years elapsed after the probate of said will under which defendants claim title and during which time defendants were in peaceable and adverse possession, claiming title and paying taxes thereon, without notice of claim of Rufus Cubit, before said suit was filed."

## "Conclusions of Law.

"I conclude as a matter of law that the parol agreement made the basis of this suit is a valid contract, and, having been performed by plaintiff and his mother, then the other contracting party and his estate of which he died possessed should be required to respond in specific performance subject to such limitations as may be invoked by law or equity.

"The beneficiary, Rufus Cubit, under this contract having performed his part of the contract, was entitled to all the property and immediately became possessed of the right to the equitable title thereto of which John Cubit died seised and possessed, subject, however, to the rights of the surviving wife. His right to institute suit to establish and have decreed in himself the equitable title to the realty accrued with the death of John Cubit, and the right to sue for possession thereof and invest himself with the legal title accrued with the death of the surviving wife, if another claimed adversely. * * *

"The defendants having specially pleaded the three, four, and five years' statutes of limitation, and having pleaded that more than four years had elapsed since the probating of the will in which the plaintiff was an interested party and under which said defendants deraign title from the sovereignty of the soil to land in controversy, and although the jury determined the question and found as a fact that said contract was made, I am nevertheless of the opinion that defendants have the legal title to said property, and that the four-year statute of limitation without the aid of the five-year statute of limitation will deny the plaintiff the right to enforce his equitable title and recover possession of said property from the defendants, and that defendants are entitled to judgment."

[1] By appellant's assignments 1, 2, 5, 6, 7, 8, and 9, the judgment is attacked from every conceivable viewpoint. The main and controlling contention, however, is that as the jury and the court found that the contract and agreement between John Cubit, deceased, and the parents of plaintiff, Rufus Cubit, alleged by plaintiff, was a valid and binding contract, made for and inuring to the benefit of plaintiff, the trial judge·erred in rendering judgment in favor of defendants upon his conclusion that plaintiff was barred from recovery under the four-year statute of limitation pleaded by defendants, because by article 5692, Vernon's Sayles' Civil Statutes, the Legislature has specially provided that suits for specific performance of a contract for the conveyance of real estate may be prosecuted at any time within ten years after the accrual of a cause of action arising thereunder, and that therefore these provisions apply to the instant case, and the four-year statute of limitation has no application.

This contention, we think, is the controlling, if not the only, issue presented for our decision.

It is shown by the petition of plaintiff that his suit is brought to enforce specific performance of the contract alleged by him. It is also shown by the undisputed evidence, by the findings of the jury and of the trial court, that such contract was made as alleged by plaintiff for plaintiff's benefit. It is also shown by the undisputed evidence that plaintiff's suit was brought within ten years after his cause of action accrued. The conclusion of the trial judge, as shown by the conclusions of law filed by him, is in effect a conclusion that plaintiff would be entitled to recover, except for the fact that he is barred by the four-year statute of limitation pleaded by defendants.

It is provided by article 5692, supra, that:

"Any action for the specific performance of a contract for the conveyance of real estate shall be commenced within 10 years next after the cause of action shall have accrued, and not afterward."

In the case of Riley v. McNamara, 83 Tex. 11, 18 S. W. 141, Chief Justice Stayton, speaking for the Supreme Court of this state, said:

"Appellant also pleaded stale claim, and the statutes of limitation of three, five, and ten years, and the court sustained a demurrer to the plea, asserting laches, and seeking to set up the increased value of the land and other like matters in bar of the suit, and on the trial refused to hear any evidence, under the pleas of limitation, other than such as had bearing on the statutory bar for specific performance. Appellant neither pleaded nor attempted to prove a demand for the purchase money, nor did he allege that the contract had been in any manner rescinded; and, under this state of facts, there was no error in the ruling of the court referred to. If appellant desired to rescind the contract on account of the failure of appellee promptly to pay the purchase money when it became due, he should have taken steps looking to that end; and, not having done so, he could not, by lapse of time short of that prescribed by the statute as a bar to such actions, defeat appellee's right to have the contract specifically performed. The statute provides that actions for specific performance of contracts to convey real estate shall be barred in 10 years (R. S. art. 3209), and the defense of stale claim is no longer applicable to such contracts as come within the meaning of the statute; but, were this otherwise, such a plea could not be sustained, under the facts of this case, for, under the former rules, the claim would not be stale short of the period now fixed for the statutory bar. If we find when the last maturing of the notes executed by appellee became due, or the date when Harwood conveyed to appellant be considered the date from which limitation would run, then, in either case, 10 years had not elapsed after the cause of action accrued before this suit was commenced. It is too clear, in view of the relation of the parties created by the contract, that limitation based on three and five years had no application to the case."

There is neither pleading nor evidence to the effect that Mattie Jackson, deceased, and her husband, George Jackson, one of the appellees herein, ever held the land in controversy, or any portion thereof, under a deed or deeds duly recorded, etc., or that they were purchasers in good faith without notice of appellant's claim. Nor is there pleading or evidence to the effect that Emma Byars and husband, and Georgia Whitmire and husband, ever so held said land, or were such innocent purchasers thereof in good faith without notice of appellant's claim. None of them are seeking to recover through and under a deed or deeds, or as purchasers in good faith without notice of appellant's claim, but they are asserting a right to recover under and by virtue of the will of Henrietta Cubit, and under their plea of limitation. The trial judge so considered their suit and found that said appellees were claiming and holding possession of said land through and under the will of Henrietta Cubit, and that they had held peaceable and adverse possession thereof for more than four years after the death of Henrietta Cubit, and after the pro-

bate of her said will under their plea of limitation.

The finding of the jury is that the contract as alleged by plaintiff, Rufus Cubit, was made and entered into as alleged by him. The trial judge in effect found that plaintiff and his parents fully complied with said contract and that plaintiff would be entitled to recover a one-half undivided interest in the land in controversy, except for the fact that he is barred by the four-year statute of limitation pleaded by appellees.

Therefore, if the judgment of the trial court can be sustained at all, it must be upon the finding that the four-year statute of limitation pleaded by appellee is applicable to the suit of the plaintiff. We do not think the four-year statute of limitation has any application to the cause of action asserted by the plaintiff in his petition, but that the period prescribed by said article 5692, only, applies to such causes of action.

We therefore conclude that the court erred in rendering judgment against appellant and in not rendering judgment in his favor against all the defendants for a one-half undivided interest in the land in controversy, subject to an equitable partition thereof between the parties owning an interest therein. Having so concluded, we reverse the judgment of the trial court and here render judgment for appellant, Rufus Cubit, for an undivided one-half interest in the land described in his petition.

Reversed and rendered.

### On Motion for Rehearing.

Appellees have filed their motion for rehearing, and therein they first insist that this court erred in holding, in its original opinion, that the suit of appellant was a suit for specific performance of a contract for the conveyance of real estate, and that the ten-year period of limitation, as prescribed by article 5692, Vernon's Sayles' Civil Statutes, only applies to such contracts, and that the four-year statute of limitations has no application to the same.

We may answer this contention, first, by stating that appellant, by his reply to the motion for rehearing, has directed our attention to the fact that in our original opinion we stated that appellees had pleaded the four-year statute of limitation in bar of appellant's right to recover, and that we were in error in so stating. He points out that the only reference to the four-year statute of limitation to be found in appellant's answer in the trial court was contained in their exception to the plaintiff's petition, and that the trial court overruled said exception, and from this action of the court no complaint was made by appellees, and therefore such plea was by appellees waived, and that appellees did not further plead said statute as a defense to the plaintiff's cause of action.

and the same is not now available to them as a defense.

[2] After a reinspection of appellee's answer, we find that appellant's statement is correct, and therefore we find that, as the four-year statute of limitation was not pleaded as a defense in the trial court, appellees cannot avail themselves of such defense on appeal, and therefore, if for no other reason, the contention of appellees, and the finding of the trial court that appellant's cause of action was barred by the four-year statute of limitation, must be overruled. But under the authority cited in the original opinion, as well as under the following decisions, to wit, Jordan v. Abney, 97 Tex. 296, 78 S. W. 486, at page 489, and Yeary v. Cummins, 28 Tex. 92–97, we hold that the plaintiff's suit is one for specific performance of a contract for the conveyance of real estate, and that the four-year statute of limitation has no application to the same.

[3] In the case of Jordan v. Abney, supra, it is said:

"That a contract between two persons, upon valuable consideration, that one will, at his death, leave property to the other, is enforceable, where no statute is contravened, is held by an almost unbroken current of authority, English and American. Such contracts, when sufficiently certain, have been held valid and enforceable, in equity as well as at law, whether they provide for the payment of money, or the leaving of specific property, or of all or a moiety of that which the obligor should leave at his death. They have usually been put in the form of agreements to bequeath by will, but this has not been regarded as an essential feature; agreements to leave the property, or that the obligee should have it at the death of the obligor, being held sufficient. * * *

"The legal effect of this kind of a contract is different from that given by law to mere statutory adoption, and we apprehend it has been through failure to observe this distinction that some of the courts whose decisions are referred to have been led to the conclusion that such contracts are excluded by the statutes allowing adoptions. The latter, as we have pointed out, is not a contract, and statutes authorizing and regulating it do not undertake to regulate contracts. They are intended, rather, to give the right of inheritance, which does not arise from contract, but from the law, while rights such as those upheld in the authorities to which we have referred are created and fixed by contract."

We think the conclusions reached, as expressed in our original opinion, properly disposes of the issues presented, and we therefore overrule the motion.

Overruled.