**BAKER et al. v. WRIGHT et al.**

No. 11064.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 10, 1941.

Rehearing Denied Jan. 7, 1942.

J. Marvin Ericson and Sidney P. Chandler, both of Corpus Christi, for appellants.

Kleberg, Eckhardt & Lowe, Todd & Todd, Keys & Holt, and Oscar Spitz, all of Corpus Christi, and Kilgore & Rogers, of Wichita Falls, for appellees.

NORVELL, Justice.

This case, as submitted by the parties upon appeal, turns upon the construction of the last will of Harry M. Baker, deceased, and the codicil thereto.

Trial below was to the court without the intervention of a jury, and upon request the trial court made findings of fact and conclusions of law. Judgment was entered against appellants upon their trespass to try title action as well as their plea for the recovery of incidental rents and profits.

Appellants are Ettie T. Baker, the widow and executrix of the estate of A. D. Baker, deceased, and Belle Baker Warman. Appellees are the executors of the estate of Annie E. Baker, deceased, and certain nieces and nephews of the said Annie E. Baker. This suit is in effect a contest between a brother, A. D. Baker (represented by the executrix of his estate) and a sister, Belle Baker Warman, of Harry M. and Annie E. Baker, on one hand, and the nieces and nephews of said parties, on the other hand.

Harry M. Baker and his sister, Annie E. Baker, neither being married, had an understanding between themselves that the survivor should take all the property acquired by either of them. In accordance with this understanding, Harry M. Baker, on August 10, 1906, executed a will which provided: "I give, will, bequeath and de-

vise to my sister, Annie E. Baker, all property of whatever kind or nature, real, personal or mixed, of which I may die seized and possessed, to be hers absolutely and in fee simple, to be used, occupied, enjoyed and disposed of by her as she may deem best, free from the interference of any court or any other of my heirs."

On June 10, 1922, Harry M. Baker executed the following codicil: "I, Harry M. Baker, make this codicil to my will date as above August 10th, 1906, to-wit: In the event of my death I hereby decree that none of my property, personal or real, shall be inherited by any nephew or nephews or niece or nieces. This the 10th day of June, 1922."

Harry M. Baker died in December, 1925, and his property thereupon passed to Annie E. Baker, who, in turn, died on January 22, 1936, leaving a will which directed the executors to pay certain sums monthly to her brother, A. D. Baker, and sister, Belle Baker Warman, as long as they lived. Upon their deaths, the will provided that the property should go to certain nieces and nephews of Annie E. Baker.

The trial court concluded as a matter of law that, under the terms of the will and codicil of Harry M. Baker, all of the property of which he died seized and possessed passed in fee simple to Annie E. Baker; that all the property of which she died seized and possessed passed to the devisees and legatees named in her will, in accordance with the terms thereof and that, therefore, appellants should take nothing in respect to the title and possession of the land involved.

Appellants contend that the will and codicil of Harry M. Baker evince an intention not to vest a fee-simple title in Annie E. Baker, but only such title to the property as would give her full use and disposition of it during her lifetime, but which would prevent his nieces or nephews from receiving any of said property from the said Annie E. Baker by devise. Appellants, in their brief, describe this estate as a "defeasible fee," although the exact condition of defeasance is not entirely clear.

 It is well settled that the intention of the testator as gathered from the will is controlling. Bittner v. Bittner, Tex.Com.App., 45 S.W.2d 148. Applying this rule, we have no hesitancy in saying that the intention of Harry M. Baker, as disclosed by the original will, was that upon his death his sister should take his property in fee simple to the exclusion of all other persons.

 When a codicil is involved, it must be construed with the will, that is, both instruments will be considered together as if parts of the same instrument. The codicil will not effectuate a revocation of a will, or a part thereof, except by express language or necessary implication. Laborde v. First State Bank & Trust Co., Tex.Civ.App., 101 S.W.2d 389, writ refused. We do not construe the codicil as effecting a change or modification of the fee-simple estate provided for in the will. The codicil was holographic and somewhat informal. By it Harry M. Baker, in effect, said, "Upon my death, I do not want my nieces or nephews to have any of my property."

In our opinion, a strained construction of the words appearing in the codicil must be employed in order to reach the conclusion that Harry M. Baker intended to make it impossible for his beneficiary, Annie E. Baker, to give or devise any of the property formerly owned by him to his nieces and nephews.

Appellants contend that the construction of the codicil adopted by the trial court (and which is approved here) makes the provisions thereof inoperative or ineffective. It is argued that Harry M. Baker had some purpose in making the codicil— that he intended to make some change in the will. This contention involves surmise and speculation. Harry M. Baker was not a lawyer. Any number of circumstances or beliefs may have prompted him to make this codicil in his own handwriting. He may have been under the impression that it was necessary to specifically mention his nieces and nephews in order to disinherit them and make sure that all of his property went to his sister Annie E. Baker. Other possibilities as to the motive or reason behind the making of the codicil are contained in the briefs. However interesting these may be they are of little importance here, as the wording of the will and the codicil construed together make it clear that Harry M. Baker intended that, upon his death, all his property should go to his sister Annie, in fee simple, and not to his nieces and nephews. This instrument

472

does not evince an intention to limit the fee-simple title devised to Annie E. Baker, nor an attempt to control the testamentary disposition of said property by Annie E. Baker.

We are further of the opinion that although appellants describe the estate going to Annie E. Baker, under their construction of the codicil, as a defeasible fee, said construction, if adopted, would result in or create an attempted restraint upon the alienation of the property involved, which would be void as contrary to public policy. O'Connor v. Thetford, Tex.Civ.App., 174 S.W. 680; Barmore v. Darragh, Tex.Civ.App., 231 S.W. 472, 481, reversed on other grounds, Tex.Com.App., 242 S.W. 714.

Appellants' remaining points have reference to the trial court's rulings on the admissibility of certain proffered evidence. We have examined these points, but are of the opinion that no reversible error is shown thereby, in view of our construction of the will and codicil here involved.

The judgment appealed from is affirmed.