Houston ARNOLD et al., Appellants,

v.

Mrs. M. H. STARKE et vir, Appellees.

No. 6884.

Court of Civil Appeals of Texas.

Texarkana.

June 28, 1956.

Rehearing Denied July 26, 1956.

Fulton, Hancock & McClain, Edwin M. Fulton, Gilmer, for appellants.

Florence, Florence & Garrison, Gilmer, Woodrow H. Edwards, Mt. Vernon, for appellees.

HALL, Chief Justice.

This action involves the estate of Mrs. Minnie M. Bradley, deceased. Suit was instituted in the District Court of Upshur County by appellants, Houston Arnold, Ramah Hudson, A. B. Poole as Trustees for Calvary Baptist Church of Gilmer, Texas, for the use and benefit of said church against the appellees, Mrs. M. H. Starke and husband, M. H. Starke, for title and possession of certain real estate in Upshur County, Texas, consisting of house and lot and a certain mineral interest in a 41-acre tract of land, and approximately $6,000 in U.S. Government bonds. The basis of appellants' suit was that Minnie M. Bradley, the owner of said property, had contracted with Calvary Baptist Church to devise said property in her will to the said church if certain substantial improvements were made on the church, and in reliance on said contract the improvements were made. Appellees joined the issues with appellants by general denial and plea of not guilty. Appellees also answered alleging that the contract between Mrs. Bradley and the church to devise her property to the church was in violation of Vernon's Ann.Civ.St. Article 3995 and particularly provisions 4 and 5 of said Article, known as the Statute of Frauds.

Trial was to the court without a jury and resulted in judgment favorable to appellees and a take-nothing judgment against appellants.

Appellants bring forward the following two points of error:

1. "The trial court erred in holding that the contract entered into between Mrs. Bradley and the Church, whereby Mrs. Bradley agreed to make a valid will leaving to the Church at her death certain real and personal property, was *unenforcable*, and in rendering judgment that Appellants take nothing."

2. "The trial court erred in holding that the unprobated will of Minnie M. Bradley was insufficient to take the verbal contract entered into by Mrs. Bradley and the Church out of the Statute of Frauds, and in rendering a judgment that Appellants take nothing."

The contract proven on trial was oral and was made between Mrs. Minnie M. Bradley, an elderly lady and a member of Calvary Baptist Church, and her pastor, the Rev. A. L. Meador.

Question propounded to the Rev. Meador:

"Q. I want you to tell me the conversation on that particular occasion. A. We had discussed many times the building program, but on this certain

·date I was a little discouraged because of the financial condition of the church. She was pushing me and wanted the church building built and on that date she gave me to understand, said, 'Go ahead, build the building, I will see it through,' and on that occasion she named—said, 'This building in which we are in, my home and lot, I will give it to the church, about six thousand dollars in government bonds, and also my interest in oil property,' I believe about 41 acres, don't remember the acreage."

This witness testified to other conversations in which Mrs. Bradley told him she had already made her will devising the property to the church and that after the church was finished, about the middle of September, 1953, Mrs. Bradley was present when the church building was dedicated. The so-called will executed by Mrs. Bradley is as follows:

"The State of Texas⎫
County of Upshur ⎬
"Know All Men By These Presents:
"That I, Minnie M. Bradley, of Upshur County, Texas, being of sound and disposing mind and memory and above the age of twenty-one (21) years, do make and publish this my last Will and Testament, hereby revoking all Wills if any, made by me at any time heretofore made.
"First: I direct that all my just debts shall be paid.
"Second: I give and bequeath to Calvary Missionary Baptist Church:
"1. My residence, 616 Allen St., Gilmer, Tex.
"2. Fourty One Acres, James Scott Survey, Three-eight—⅜, Royalty mineral rights.
"3. United States Bonds over or less: Six thousand dollars, $6,000.00.
"Third: I give and bequeath to _____:
"Fourth: I give and bequeath to Texas Baptist Orphanage, Waxahachie, Texas;
"Amicable Insurance Co. Fifteen Bonds. ($150.00).
"Fifth: I give and bequeath to _____;
"On opening box, want three Trustees of Calvary Baptist Church and Mack Smith to be witness.
"I Hereby constitute and appoint _____, Independent Executor (or Executrix) of my Will and direct that no bond shall be required of him (or her), and that no other action shall be had in the County Court in relation to the settlement of said estate than the probating of this, my Will, and the return of statutory inventory, appraisement and list of claims of said estate and all claims due or owing by me at the time of my death. And, I authorize and empower my said Executor (or Executrix) to do each and everything necessary or incidental to carrying out the provisions of my Will.
"This I make and publish as my last Will, in my own handwriting, hereunto signing and subscribing my name this the 12th day of December, 1952.
"/s/ Minnie M. Bradley.
"(Signature)

"/s/ Steve Castloo Sr.
"(Witness)."

Although the will states that it is in testator's "own handwriting" it is not a holographic will, and no such contention is here made.

It is appellants' contention that the will although not subject to probate for invalidity, nevertheless constituted such a memorandum in writing as would satisfy the Statute of Frauds. The will does not contain the contract allegedly entered into between Mrs. Bradley and her pastor for benefit of Calvary Baptist Church, nor is

the contract referred to in the will. The controlling authority, we think, in this State upon the question presented here is Upson v. Fitzgerald, 129 Tex. 211, 103 S.W.2d 147, 149, by the Commission of Appeals, opinion adopted by the Supreme Court. That opinion, after setting out the Statute of Frauds and Sec. 4, applicable to the sale of real estate, states as follows:

"The first question for decision is whether the will of Lewis W. Florea, executed in 1910, constituted a sufficient memorandum of the contract under the above statute. We are referred to no decision by this court of the question of whether a will which makes no reference to a contract, but merely makes gifts of an estate in its entirety in the usual form of wills, is a sufficient memorandum under the above statute of frauds. In other jurisdictions, there is not complete harmony of decision on the question. The prevailing, and we think the better, rule is stated in 27 C.J., p. 259, in this language: 'A will may be a sufficient memorandum, but not where it does not contain the contract in question, or does not coincide therewith, or where it fails to refer to, or show a connection with, the agreement or bargain in question.'"

Under the facts in this case we see no escape from the holding set out by Judge Hickman, presently the Chief Justice of our Supreme Court. It is admitted that the will in controversy was not subject to probate; it was partly written and partly printed and was witnessed by one person only. Appellants cite numerous cases which we have examined, and we think that all the authorities cited by appellants are in line with Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; and in each of those cases where a recovery was allowed because of fraud perpetrated upon the buyer of property, all of the conditions prescribed and set out in Hooks v. Bridgewater were complied with. We have found no case, and have been cited to none, which modifies in the least Upson v. Fitzgerald, supra.

 The purported will attempts to devise real estate and personal property, which as we have held above, is not sufficient to break through the Statute of Frauds. This being true, it would not be effective to pass the personal property. Upson v. Fitzgerald, supra, quotes with approval the following from 25 R.C.L., pp. 586–587, Sec. 190. Id. p. 704, Sec. 347:

"'* * * Thus where before marriage the spouses orally agreed that neither should claim any interest in the estate of the other, it has been held that the agreement being entire and within the statute as to the realty, it cannot be enforced as to the personalty. The same is held true as to an oral agreement to give by will both real and personal property in consideration of services to be rendered.'"

It is our opinion that this case is governed in its entirety by the Upson case referred to. In fact appellants virtually admit such fact in their brief. The judgment rendered in this cause is a correct one. This conclusion renders a discussion of appellees' cross points unnecessary.

Therefore the appellants' points are respectfully overruled and the judgment of the trial court is in all things affirmed.

DAVIS, J., disqualified and not sitting.