**Gwendolyn Gage Seale WILLIAMS, Appellant,**

v.

**James C. MUSE, III et al., Appellees.**

**No. 3817.**

Court of Civil Appeals of Texas.

Eastland.

May 24, 1963.

Rehearing Denied July 26, 1963.

Ralph W. Currie, J. C. Muse, Jr., Dallas, for appellees.

COLLINGS, Justice.

Gwendolyn Gage Seale brought suit against James C. Muse, III, Independent Executor of the Estate of Robert C. Newcomb, deceased, and Cornell University seeking to impose a trust upon the properties and estate of the said Robert C. Newcomb and to enforce the terms of a will alleged to have been executed by Robert C. Newcomb on January 7, 1955. The will was alleged to have been executed pursuant to and in accordance with a contract and agreement between Newcomb and her father, Carlton Gage, by which Newcomb agreed to devise certain property to plaintiff. Plaintiff alleged that the contract was breached by Robert C. Newcomb by the execution of a subsequent will dated April 19, 1957, in violation of the contract he had made with Gage; that the subsequent will made a disposition of Newcomb's property contrary to and in violation of the contract between him and Gage. Among other defenses, the defendants pleaded the Statutes of Frauds urging that a parol contract involving both real and personal property which is indivisible is void as to both and cannot be enforced as to either.

Muse, as executor, urged his special exception that appellant had failed to state in her pleadings whether the claimed contract was oral or in writing, and that in the absence of a contract in writing any agreement by Newcomb to devise real estate was unenforcible under the Statute of Frauds.

Cornell University filed a motion for summary judgment. Plaintiff timely opposed the motion but it was sustained and the court granted summary judgment as prayed. At the same time the court sustained the special exception of Muse, Executor, and entered judgment that plaintiff take nothing. Gwendolyn Gage Seale Williams, formerly Gwendolyn Gage Seale, has appealed.

Passman & Jones, Bill C. Hunter and Gerald R. Coplin, Dallas, for appellant.

This is the second appeal of this case. In the former appeal (Seale v. Muse, et al.,

Tex.Civ.App., 352 S.W.2d 534), a summary judgment in favor of Cornell University and Muse and against appellant was reserved and the cause was remanded. Appellant's points upon which this appeal is based are in substance that the court erred in sustaining the special exception of appellee Muse, executor, because, (1) such action was taken without notice to appellant or her counsel thereby depriving the appellant of the right to be heard on the questions involved and (2) that the court's action upon such exception deprived appellant of the right and opportunity to amend her pleadings, if she so desired, prior to the entry of judgment, and (3) that the court erred in rendering a take nothing judgment as to Muse as executor because no proceedings were had or conducted upon which such judgment could be predicated; (4) that the court erred in sustaining Cornell University's second motion for summary judgment without first disposing of all exceptions on file in the case, and because it does not conclusively appear from the record that appellant has failed to allege or does not have a cause of action against appellees.

Appellant's alleged cause of action was based upon allegations that her father, Carlton Gage, entered into a contract with Robert C. Newcomb on May 26, 1954, in which it was agreed that Gage would assist Newcomb in a will contest pending in the State of Florida and Newcomb obligated himself to devise and bequeath such property as he might own at his death to appellant and another; that pursuant to and consistent with the contract Newcomb executed such a will on January 7, 1955. A copy of this will was attached as Exhibit A to appellant's petition. The will disposed of both real and personal property but made no reference to any contract with Gage. Appellant's petition further stated that in 1957, Newcomb executed another will devising all of his property to Cornell University, naming James C. Muse, III, as Independent Executor. A copy of this will was also attached to appellant's petition as Ex-

hibit B. The later will likewise disposed of both real and personal property and recited that Newcomb had no responsibility or duty toward any one and had not promised to give or devise to any one "any heirloom or other item of personal property." The testator directed his executor to ignore and, if necessary, contest any such claim. This second will was admitted to probate. It was alleged in appellant's petition that the 1957 will breached the contract of May 26, 1954, and her suit sought to impose a trust upon all the properties of Newcomb and to enforce the terms of the 1954 contract which she alleged was evidenced by the 1955 will.

■ The trial court properly sustained the special exception of Muse, Executor, properly decreed that plaintiff take nothing and entered summary judgment for Cornell University. Appellant's points are overruled. Considering such points together and substantially in the order presented, we hold that no reversible error is shown in appellant's first and second points in which it is contended that the court erred in sustaining the special exception of Muse, Executor, at the time of the entry of the judgment without notice to her. Appellant contends that such action deprived her of the right to be heard on the question and deprived her of the right to amend her pleadings prior to the entry of judgment. The special exception of Muse urged in effect that appellant's pleadings were defective and failed to state a cause of action because such pleadings failed to show whether the alleged contract was oral or in writing. Muse contended that by reason of the Statute of Frauds appellant could only recover if the alleged contract to devise property including real estate were in writing. The contention is well taken, and the exception of Muse was properly sustained.

In the opinion of the Dallas Court of Civil Appeals reversing the former summary judgment it was held that in the absence of a written contract appellant was not entitled to recover but that neither the

pleadings of appellant nor the affidavit of appellees showed conclusively that the contract was oral. In this connection it was stated as follows:

"Thus, had Cornell and Muse established affirmatively, and without question, that the contract between Newcomb and Gage of 1954 was verbal then there would be no doubt concerning the validity of the action of the trial court in this case."

After the case was remanded, appellant in answer to requests for admission admitted that the contract between Newcomb and Gage, both deceased, was oral and that the only memorandum in writing relied upon by her was the will itself which she pleaded as an exhibit to her petition. Appellant contends that such will was in writing and should be considered with and as a part of the agreement. It was in this state of the record that the trial court took the action which it did and sustained the second motion of Cornell University for a summary judgment, from which judgment this appeal is taken.

█ █ As stated by Justice Williams on the former appeal it is well settled in Texas that a parol contract involving both real and personal property, which is indivisible, is void as to both and cannot be enforced as to either. It is also well settled that "the making of a will pursuant to an agreement to devise land is not a sufficient memorandum of the agreement, where the testator afterwards makes another will revoking the prior one." Upson v. Fitzgerald, 129 Tex. 211, 103 S.W.2d 147; Arnold v. Starke, Tex.Civ.App., p. 149, 292 S.W.2d 887, (Writ Ref.). In the instant case appellant's petition incorporated by exhibit both the will alleged to have been executed pursuant to and in accord with the alleged agreement and the later will which revoked the one relied upon by appellant as a memorandum. The terms of the revoked will does not show it to be contractual.

It thus appears that appellant as plaintiff in the trial court sought to recover upon a contract which she admits to be oral involving both real and personal property, which is indivisible. Both Muse, Executor, and Cornell plead the Statute of Frauds. The contract relied upon by appellant is void and cannot be enforced. The record considered together with appellant's pleadings conclusively shows that appellant failed to allege a cause of action. The court properly sustained the exception of Muse, Executor.

█ It is difficult to see how appellant could be injured because the court acted on the exception in her absence and without notice. We see no merit in her complaint that she was not afforded leave to amend prior to entry of judgment. The only amendment which could have helped her position would have been the allegation of facts showing some writing evidencing the alleged contract. This in effect was the holding of the Dallas Court of Civil Appeals on the former appeal. Appellant made no such amendment. On the contrary when pressed by the court concerning her position she admitted that the agreement between her father and Robert C. Newcomb, deceased, was an oral agreement. She admitted that there was nothing in writing signed by Robert C. Newcomb except the revoked will. The will in question was not contractual.

As heretofore noted, the making of a will pursuant to an oral agreement to devise land is not a sufficient memorandum to avoid the Statute of Frauds where the testator thereafter executes a revoking will. The holding on the former appeal clearly indicates that the judgment there under consideration would have been affirmed if the record had shown conclusively, as the record here does show, that the contract between Newcomb and Gage was verbal. It was indicated that the exception to appellant's pleadings should have been sustained. Under the record on this appeal the court properly sustained the special exception of James C. Muse, III, Executor, and in our opinion was justified in deeming appellant's

pleading amended in accordance with her admission that the contract was oral and in assuming that she had declined to further amend. Appellant has failed to show that she was injured in any way by reason of the manner in which, or the time that the exception was sustained. The court also properly decreed that appellant take nothing and entered summary judgment for Cornell University.

The judgment is affirmed.