**Joyce Ann ANDERSON, Appellant,**

v.

**William Irwin DUBEL, Independent Executor, Estate of Sophie Mlynczak, Deceased, Appellee.**

No. 16138.

Court of Civil Appeals of Texas, San Antonio.

March 7, 1979.

Rehearing Denied May 2, 1979.

W. Pat Camp, Emmett L. Whitsett, Jr., San Antonio, for appellant.

Patrick J. Pape, San Antonio, for appellee.

## OPINION

KLINGEMAN, Justice.

This is a suit to construe a holographic codicil of Sophie Mlynczak, deceased. The decedent died on June 9, 1977, leaving a formal will dated May 22, 1977, which was duly admitted to probate on June 30, 1977. The decedent also left a handwritten instrument dated June 3, 1977, which was admitted to probate by an order dated October 19, 1977, as a holographic codicil to her last will and testament, over the opposition of Joyce Ann Anderson, the niece of the testatrix. No appeal from the probate of the codicil was ever perfected. Subsequently, William Irwin Dubel, independent executor of the estate of the decedent, filed a petition to construe the holographic codicil. On May 2, 1978, the probate court entered judgment construing the codicil and will, which together constituted the last will and testament of the testatrix. Joyce Ann Anderson appeals from this judgment.

The trial court filed the following findings of fact and conclusions of law:

## FINDINGS OF FACT

(1) It was SOPHIE MLYNCZAK'S testamentary intention in executing the Holographic Codicil, dated June 3, 1977, to reduce the general bequest of FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS to JOYCE ANN ANDERSON contained in Paragraph III of SOPHIE MLYNCZAK'S Last Will and Testament, dated May 22, 1977, to the sum of TWO THOUSAND AND NO/100 ($2,000.00) DOLLARS, and by the terms of such Holographic Codicil, to bequeath MARJORIE REESE, TWO THOUSAND AND NO/100 ($2,000.00) DOLLARS, and CECILIA GRAHAM, ONE THOUSAND AND NO/100 ($1,000.00) DOLLARS.

## CONCLUSIONS OF LAW

(1) The Last Will and Testament of SOPHIE MLYNCZAK was partially revoked by her Holographic Codicil, dated June 3, 1977.

(2) A construction of the language contained in SOPHIE MLYNCZAK'S Last Will and Testament, dated May 22, 1977, along with the language contained in SOPHIE MLYNCZAK'S Holographic Codicil, dated June 3, 1977, reveals that it was SOPHIE MLYNCZAK'S testamentary intention in executing her Holographic Codicil, to reduce the general bequest of FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS to JOYCE ANN ANDERSON contained in Paragraph III of her Last Will and Testament to TWO THOUSAND AND NO/100 DOLLARS, and to bequeath MARJORIE REESE, TWO THOUSAND AND NO/100 ($2,000.00) DOLLARS, and CECILIA GRAHAM, ONE THOUSAND AND NO/100 ($1,000.00) DOLLARS.

(3) Under the terms of the Last Will and Testament of SOPHIE MLYNCZAK, as amended by the terms and provisions of her Holographic Codicil, dated June 3, 1977, SOPHIE MLYNCZAK directed her Independent Executor to dispose of her Estate as follows:

(a) The payment, as soon as practicable, of all existing debts, and all expenses of last illness, funeral and administration.

(b) To St. Leo's Catholic Church of San Antonio, Texas, the sum of $500.00 to be used for masses for SOPHIE MLYNCZAK, Henry L. Kolodzie, and Sigmund Mlynczak.

(c) To her niece, JOYCE ANN ANDERSON, the sum of $2,000.00.

(d) To MARJORIE REESE, the sum of $2,000.00.

(e) To CECILIA GRAHAM, the sum of $1,000.00.

(f) To her sister, JULIA PLOCH, any one of the several air conditioning units installed in the Deceased's home at 608 East Harlan, San Antonio, Bexar County, Texas, and specifically mentioned in the Holographic Codicil, such unit to be selected by JULIA PLOCH.

(g) To WILLIAM IRWIN DUBEL, and his wife, JANE LYNETTE DUBEL, in equal shares, the entire residuary estate, consisting of both real and personal property, of whatever nature and wherever situated; or all of said property to the survivor of WILLIAM IRWIN DUBEL or JANE LYNETTE DUBEL, in the event that either of said beneficiaries should predecease the Testatrix.

Appellant by five points of error asserts that the trial court erred (1) in admitting over her objection the testimony of the attorney who prepared the formal will as to changes the testatrix wanted to make in such will; (2) in not sustaining the objections of appellant to the admission of the testimony of such attorney as to what testatrix told him two days after the date of her holographic codicil, regarding a codicil

she wished him to prepare for her; (3) in holding that oral instructions, given by testatrix to her attorney two days after the testatrix had written the holographic codicil and relating to proposed changes in the will disclosed the intent of testatrix in such codicil; (4) in holding that the language of the holographic codicil partially revoked and reduced a specific monetary bequest of $5,000 made to appellant in the will; and (5) in not holding as a matter of law that the codicil made a bequest of $2,000 to appellant with the precatory request that she give masses for certain named persons and did not partially revoke or reduce the bequest of $5,000 made to appellant in the will.

Some of appellant's complaints go to the question of the validity of the holographic codicil. At first impression, the sparse and vague contents of the codicil raise the question of whether or not the instrument was in law and in fact testamentary in character. This is not before us, however, since the holographic codicil was duly admitted to probate on October 19, 1977, over appellant's opposition. No appeal was ever perfected with regard to admitting of the codicil to probate. The action of the probate court in admitting the instrument and the court's specific finding that it was in fact a codicil to the original will are now final and conclusive, and on the issue of the instrument's validity, will be so regarded in this opinion. *Laborde v. First State Bank & Trust Co.*, 101 S.W.2d 389 (Tex.Civ.App.—San Antonio 1936, writ ref'd).

There are only two basic questions before this court. (1) Did the trial court err in admitting the testimony objected to at the hearing on the suit to construe? (2) Was the construction given by the probate court of the last will and testament and of the holographic codicil correct? The essential thrust of appellant's appeal is that the trial court erred in not construing such will and codicil so as to leave intact the bequest of $5,000 to appellant, and give her an additional bequest of $2,000.

A codicil must be considered a part of the will. The formal will dated May 22, 1977, and the holographic codicil dated June 3, 1977, therefore, constitute the last will and testament of the testatrix, Sophie Mlynczak. *Knolle v. Hunt*, 551 S.W.2d 755 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). Both instruments must be construed and considered together so as to ascertain the true intention of the testatrix. *Hinson v. Hinson*, 154 Tex. 561, 280 S.W.2d 731 (1955); *Deegan v. Frost National Bank of San Antonio*, 505 S.W.2d 428 (Tex.Civ.App.—San Antonio 1974, writ ref'd).

In *Deegan*, this court stated that:

> the rules relating to construction of wills are well settled, although, as is usually the case with general rules, their application to specific facts and circumstances can present difficulty. The basic principle is that a court should ascertain, and give effect to, the intention of the testator as expressed in the will. In searching for the testator's intent, courts are to consider the entire instrument, giving effect to every part of it, if this is possible without doing violence to the language of the instrument. It is also said that, in the event of conflict between provisions of the instrument, the general intent of the testator, derived from a consideration of the will as a whole, shall prevail over a specific intent shown by the language of a particular clause.

505 S.W.2d at 430–31.

Three of appellant's points of error pertain to the admission of certain extrinsic evidence testified to by the attorney who prepared the formal will. These points of error have been hereinbefore set forth.

The attorney who prepared the formal will dated May 22, 1977, was permitted by the trial court, over objections, to testify concerning a telephone conversation he had with testatrix on June 5, 1977,[1] in which the attorney stated that the testatrix told him she wanted him to draft a codicil to her will

---

1. Such testimony was objected to on several grounds, including hearsay, and that it violated the Dead Man's Statute, article 3716, Texas

Revised Civil Statutes. The testimony was admitted, however, for the limited purpose of showing surrounding facts and circumstances.

to reduce the $5,000 bequest she had made to Joyce Ann Anderson to $2,000 and to leave $2,000 and $1,000, respectively, to two other persons, both of whose names he wrote down. This telephone conversation with the testatrix was at that time reduced to writing in the form of notes the attorney made for his own records. Both the notes and the time record of the attorney's legal agenda for that day were admitted into evidence over objection of appellant's counsel. The testatrix died several days after the telephone conversation of June 5, 1977.

The attorney further testified that he had known the testatrix for a number of years and he had prepared the formal will dated May 22, 1977. He gave testimony that the testatrix was an elderly woman and that in his opinion she was not well educated.

We have already made reference to the vague language of the codicil and even a casual reading of it discloses some ambiguities. There are numerous cases holding that extrinsic evidence may be admitted to aid in explaining a testator's intent as to the disposition of his properties, where the language used in the will is uncertain or creates an ambiguity, either latent or patent. *Hinson v. Hinson*, 154 Tex. 561, 280 S.W.2d 731 (1955); *Estate of Brown*, 507 S.W.2d 801 (Tex.Civ.App.—Dallas 1974, no writ); 10 E. BAILEY, TEXAS LAWS OF WILLS § 561 (Texas Practice 1968). Some of these cases speak only of latent ambiguity.[2] But in spite of language to this effect in some opinions, the leading authorities in this field are in agreement that the supposed distinction between patent and latent

ambiguities has no vitality today. 10 E. BAILEY, TEXAS LAW OF WILLS § 561 (Texas Practice 1968); 2 C. McCORMICK & R. RAY, TEXAS LAW OF EVIDENCE § 1683 (Texas Practice 2d ed. 1956). *See Pruett v. Berkeley*, 405 S.W.2d 433 (Tex. Civ.App.—Waco 1966, no writ).

We have heretofore set forth general rules regarding construction of wills. Where there is an ambiguity the courts look to the testamentary instrument as a whole and also to circumstances surrounding its execution in determining intent. *Guilliams v. Koonsman*, 154 Tex. 401, 279 S.W.2d 579 (1955). Extrinsic evidence is admissible on the state of the testator's family, on the status of his property, and as to other circumstances relating to him individually and to his affairs to enable the court to determine the testator's meaning in the use of the language in his testamentary instrument. *Federal Land Bank of Houston v. Little*, 130 Tex. 173, 107 S.W.2d 374 (1937); *Peet v. Commerce & E. Street Railway Co.*, 70 Tex. 522, 527, 8 S.W. 203 (1888).[3]

In *Methodist Orphanage of Waco v. Buckner's Orphans' Home of Dallas*, 261 S.W. 203 (Tex.Civ.App.—Galveston 1924, writ dism'd), it is stated:

The general rule, that the ascertainment of the intention of the testator is the cardinal rule to be followed in the construction of a will and that when there is ambiguity in the language of the instrument this intention can be shown by parol evidence, is so elementary as to render citation of authorities unnecessary.[4]

---

**2.** It appears to be established law in Texas that where a latent ambiguity is made to appear in a testamentary instrument, evidence extrinsic to the instrument itself is admissible to enable the court to discover the meaning attributed by the testator to the words used in the will and to apply them to the particular facts in the case. *Hultquist v. Ring*, 301 S.W.2d 303 (Tex.Civ. App.—Galveston 1957, writ ref'd n.r.e.).

**3.** The intention of the testator must be ascertained from the meaning of the words in the instrument, and from those words alone. But as he may be supposed to have used language with reference to the situation in which he was placed, to the state of his family, his property, and other circumstances relating to himself in-

dividually, and to his affairs, the law admits extrinsic evidence of those facts and circumstances to enable the court to discover the meaning attached by the testator to the words used in the will, and to apply them to particular facts in the case. *Houston Bank & Trust Co. v. Lansdowne*, 201 S.W.2d 834 (Tex.Civ.App.— Galveston 1947, writ ref'd n.r.e.).

**4.** A will is a unilateral instrument, and the court is concerned only with the intention of the testator as expressed in the document. The sense in which the words were used by the testator is the ultimate criterion, and the court may always receive and consider evidence concerning the situation of the testator, the cir-

We hold, therefore, that the court did not err in admitting the testimony of the testatrix's attorney to aid in construction of the codicil.

By appellant's remaining points of error, it is asserted that the court erred in holding that the language of the holographic will partially revoked and reduced an express monetary bequest of $5,000 made to appellant in the will, and in not holding that the holographic codicil made an additional bequest of $2,000 to appellant.

Paragraph III of the last will and testament provides:

I GIVE and BEQUEATH to my niece, JOYCE ANN ANDERSON, born on February 2, 1932, the sum of FIVE THOUSAND DOLLARS ($5,000.00). In the event my said niece should predecease me, then I hereby bequeath said sum of FIVE THOUSAND DOLLARS ($5,000.00) unto her children, per stirpes.

The holographic codicil provides, in pertinent part:

Joyce keep $2,000. give $2,000 to marjorie Reese ph-4326187 also give Cecelia Graham $1,000. Margie's sister. I want it. that way. Please do this for me. Thank you Sophie Mlynczak.

In addition to her complaint as to the admissibility of testimony of the attorney hereinbefore set forth, appellant asserts vigorously that such testimony has no probative value and sheds no light on the testamentary intent of Sophie Mlynczak. We disagree. We see nothing to preclude testatrix from writing a valid holographic codicil and then a few days later requesting an attorney to prepare a formal codicil. She might logically think that her intent might be better expressed by an attorney. Certainly, this would have nothing to do with the validity of the handwritten codicil and would in no way revoke it. In our opinion, a declaration of this type made by the testatrix within a few days following the execution of the handwritten codicil is pertinent, sheds light on her intent and is credible probative evidence.

Appellant also asserts that the handwritten codicil could not effect a revocation or partial revocation of the provision of the will, in that no express revocation of the $5,000 bequest is contained in the codicil and no direct reference is ever made to such bequest. Appellant ignores or disregards the use of the words—"Joyce keep $2,000"—and attempts to construe this language as a grant in addition to the $5,000.

The intention of a testator to revoke a prior will may be evidenced by an express clause of revocation in a subsequent will or by reason of such inconsistent disposition of property covered by the successive testamentary instruments that all cannot stand, in which event the last instrument revokes a previous one by implication to the extent of such inconsistency only. *Harris v. Strawbridge*, 330 S.W.2d 911 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.). A will may be revoked wholly or in part by implication from the express provisions of a latter testament such as a codicil which makes a different and contrary disposition of identical property. *Haynes v. Henderson*, 345 S.W.2d 857 (Tex.Civ.App.—Austin 1961, writ ref'd n.r.e.); *Laborde v. First State Bank and Trust Company of Rio Grande City*, 101 S.W.2d 389 (Tex.Civ.App.—San Antonio 1936, writ ref'd).

The testimony shows that the testatrix was an elderly person, not well educated, and not learned in the law. Therefore, in construing the handwritten codicil we are justified in giving her words a literal application and avoiding implications which might occur to a lawyer alone. Further, we must give effect to the codicil where it conflicts with the original will since it is the testatrix' latest expression,[5]

cumstances existing when the will was executed and other material facts that will enable the court to place itself in the testator's position at that time. *Stewart v. Selder*, 473 S.W.2d 3 (Tex.1971).

5. It is well recognized that when a codicil makes changes which conflict or deviate from a previous testamentary disposition, the provision of the codicil will control, it being the latest expression of the testator's intention on the subject. *Knolle v. Hunt*, 551 S.W.2d 755

and having done this, we must, if possible, give effect and meaning to every part of the codicil and every remaining part of the original will.

 The trial court did not err in its construction of the will and holographic codicil. All of appellant's points of error have been considered and all are overruled.

The judgment of the trial court is affirmed.

(Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.); *Morriss v. Pickett*, 503 S.W.2d 344 (Tex.Civ. App.—San Antonio 1973, writ ref'd n.r.e.); *Haynes v. Henderson*, 345 S.W.2d 857 (Tex.Civ. App.—Austin 1961, writ ref'd n.r.e.).