

# The Attorney General of Texas

October 12, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711-2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable J. W. Johnson, Jr.
Sutton County Attorney
P. O. Box 1687
Sonora, Texas    76950

Opinion No.   JM-209

Re:  City-county agreement con-
cerning volunteer firemen

Dear Mr. Johnson:

Your letter requesting an opinion from this office advises:

> Sutton County Commissioners Court in conjunction
> with the Sonora City Council entered into a
> contractual agreement to contribute and/or
> compensate the city of Sonora for electrical
> services provided to thirteen (13) voluntary
> firemen. Sutton County is to pay one-half (1/2)
> of the volunteer firemen's accumulated electrical
> bills on a quarterly basis, and the city of Sonora
> is to pay one-half (1/2) of the utility bills.
> The city of Sonora has been sending quarterly
> statements to the commissioners court for payment
> of one-half (1/2) of the electrical bill. The
> county is withholding payment of the electrical
> billings until such time as an attorney general
> opinion is rendered on the legalities of this
> contractual arrangement.

Sutton County has a population of 5,130 according to the most recent
United States Census and a property valuation of more than
$100,000,000. Sonora is a city within the county.

We have not been provided a copy of the agreement, and our
discussion is necessarily couched in general terms. Generally, it is
not unlawful for a county such as Sutton County to contract with an
incorporated city lying within its borders to have fire protection
furnished by the city to county areas outside the municipality.
V.T.C.S. arts. 2351a-1, 2351b-1; Ector County v. City of Odessa, 492
S.W.2d 360 (Tex. Civ. App. - El Paso 1973, no writ). See also
Attorney General Opinion H-279 (1974).

However, article XI, sections 5 and 7 of the Texas Constitution
provide that no debt for any purpose shall ever be incurred in any

manner by any city or county unless provision is made, at the time the debt is created, for levying and collecting a tax to pay the interest thereon and to provide a sinking fund for its retirement. Within the meaning of these provisions, a "debt" includes any pecuniary obligation imposed by contract except such as was, both at the time of the agreement and within the lawful and reasonable contemplation of the parties, to be satisfied out of current revenues for the year or out of some fund then within the immediate control of the county. McNeill v. City of Waco, 33 S.W. 322, 324 (Tex. 1895).

According to the information supplied us, the county auditor does not have the power to limit the county's pecuniary liability under the agreement, since the county is bound thereby to pay for one-half of all the electricity the firemen choose to utilize, whatever that amount might be. See Attorney General Opinion O-4140 (1941). Moreover, it appears that the obligation extends not merely for a one-year period but for the duration of a long-term agreement. Thus, the county apparently undertook a matter related to its ordinary expenses that might not be paid out of current revenues. So far as the information provided us discloses, the county failed to create a sinking fund or to provide an appropriate means to collect money for such a fund. Under those circumstances, the creation of the debt was constitutionally impermissible. City of Wichita Falls v. Kemp Public Library, 593 S.W.2d 834, 837 (Tex. Civ. App. - Fort Worth 1980, writ ref'd n.r.e.). The fact that the extent of county liability is contingent upon the use of electricity by the firemen does not make the obligation any less a "debt." Brown v. Jefferson County, 406 S.W.2d 185, 188 (Tex. 1966); T. & N.O.R.R. Co. v. Galveston County, 169 S.W.2d 713, 715 (Tex. 1943).

In view of our conclusion above, it is unnecessary to consider the applicability of article 1113, V.T.C.S. (no free service if system encumbered), or whether an agreement to furnish unlimited electricity for the private use of volunteer firemen constitutes "monetary remuneration" within the meaning of sections 1 and 25 of article 6243e.3, V.T.C.S. (Volunteer Fire Fighters Relief and Retirement Fund) [cf. V.T.C.S. art. 6701h, §1, subd. 14; Tax Code §152.001(11) ("no or nominal compensation")], or a violation of article III, section 52(a) of the Texas Constitution prohibiting the grant of public money or thing of value by a county to any individual, association, or corporation, whatsoever. See generally V.T.C.S. art. 1069; Willis v. Potts, 377 S.W.2d 622, 626 (Tex. 1964) ("lucrative office"); Casualty Underwriters v. Whitman, 139 S.W.2d 261, 262 (Tex. 1940) (remuneration as advantage measurable in money); Irwin v. State, 177 S.W.2d 970, 973 (Tex. Crim. App. 1944) ("pecuniary profit, gain or advantage"); Haynes v. Henderson, 345 S.W.2d 857, 861 (Tex. Civ. App. - Austin 1961, writ ref'd n.r.e.) ("money" flexible term, may include real and personal property); Flower v. Dart, 260 S.W.2d 685, 688 (Tex. Civ. App. - Fort Worth 1953, writ ref'd n.r.e.) ("money" means wealth in comprehensive

sense); Attorney General Opinions H-1122 (1978) (retirement programs for volunteer firemen); H-665 (1975) (emoluments for volunteer firemen). Cf. Tex. Const. art. III, §51-d (survivors' assistance); V.T.C.S. art. 6228f (payments of assistance); art. 6243e, §§3, 5, 6, 7, 8, 9, 10 (firemen's relief and retirement fund); Attorney General Opinion M-358 (1969).

## S U M M A R Y

An agreement to pay the cost of electricity furnished volunteer firemen for their private use, which agreement makes Sutton County pecuniarily liable for an uncertain amount not within the power of the county to limit, is invalid where no provision for a sinking fund to retire the debt has been made.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood